## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daisy Hurtado <br> _Debtor_ | CHAPTER 13 |
| HSBC Bank USA, National Association as trustee for Deutsche Mortgage Securities Inc Mortgage Loan Trust Series 2004-2 <br> _Movant_ <br> vs. | NO. 19-16167 AMC |
| Daisy Hurtado <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,597.56** which breaks down as follows;

Post-Petition Payments:   March 2020 to June 2020 in the amount of $899.39/month
**Total Post-Petition Arrears   $3,597.56**

2. The Debtor shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall submit a substantially complete loss mitigation application by July 1, 2020.

   b) Debtor shall obtain a trial modification by August 1, 2020.

   c) Debtor shall obtain a permanent modification by December 1, 2020.

3. Additionally, beginning on July 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and

mortgage while the loan modification application is pending and in accordance with any loan modification documents thereafter.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's pre- and post-petition arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing in rem stay relief for Movant as to the Property.

6. In the event any of the payment listed under Section 3 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing in rem stay relief for Movant as to the Property.

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay and

waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing in rem stay relief for Movant as to the Property.

8. If the case is dismissed, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant ongoing in rem stay relief for Movant as to the Property.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, except for the provision contained in Paragraph 8, and is not binding upon the parties, except for the provision contained in Paragraph 8.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 11, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date:_____

_____
Erik B. Jensen, Esquire
Attorney for Debtor

Date: July 14, 2020

/s/ Jack Miller, Esquire, for*
William C. Miller, Esquire
Attorney for Debtor

*We have no objection to its terms, without prejudice to any of our rights and remedies

Approved by the Court this ___ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan