United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 19-16167-amc
Daisy Hurtado                                                         Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Keith                Page 1 of 1            Date Rcvd: Jul 16, 2020
                            Form ID: pdf900            Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 18, 2020.
db         +Daisy Hurtado,   3414 Cottman Avenue,   Philadelphia, PA 19149-1604
cr        ++GELT PROPERTIES LLC,   501 WASHINGTON LANE,   SUITE 201,   JENNKINTOWN PA 19046-3145
             (address filed with court: Gelt Properties LLC,   501 Washington Lane, Suite 201,
               Jenkintown, PA  19046)
cr         +Wilmington Trust Company,   RAS Citron, LLC,   130 Clinton Road, Suite 202,
             Fairfield, NJ 07004-2927

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 18, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 16, 2020 at the address(es) listed below:
    ERIK B. JENSEN    on behalf of Debtor Daisy  Hurtado akeem@jensenbagnatolaw.com,
     camryn@jensenbagnatolaw.com;jennifer@jensenbagnatolaw.com;lori@jensenbagnatolaw.com;mjmecf@gmail.com;jensener79956@notify.bestcase.com
    JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
     ecfemails@ph13trustee.com
    JANET L. GOLD    on behalf of Creditor   Gelt Properties LLC jgold@egalawfirm.com,
     ksantiago@egalawfirm.com;dvillari@egalawfirm.com
    KEVIN M. BUTTERY    on behalf of Creditor    WILMINGTON TRUST COMPANY, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE TO STRUCTURED ASSET SECURITIES CORPORATION PASS-THROUGH CERTIFICATES, SERIES 2003-35 cdigianantonio@rascrane.com
    REBECCA ANN SOLARZ    on behalf of Creditor    HSBC Bank USA, National Association as trustee for Deutsche Mortgage Securities Inc Mortgage Loan Trust Series 2004-2 bkgroup@kmllawgroup.com
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
    WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                       TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daisy Hurtado <br>         Debtor | CHAPTER 13 |
| HSBC Bank USA, National Association as trustee for Deutsche Mortgage Securities Inc Mortgage Loan Trust Series 2004-2 <br>         Movant <br> vs. | NO. 19-16167 AMC |
| Daisy Hurtado <br>         Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br>         Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,597.56** which breaks down as follows;

Post-Petition Payments:    March 2020 to June 2020 in the amount of $899.39/month
**Total Post-Petition Arrears**    **$3,597.56**

2. The Debtor shall cure said arrearages through a loan modification within the following schedule:

    a) Debtor shall submit a substantially complete loss mitigation application by July 1, 2020.

    b) Debtor shall obtain a trial modification by August 1, 2020.

    c) Debtor shall obtain a permanent modification by December 1, 2020.

3. Additionally, beginning on July 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and

mortgage while the loan modification application is pending and in accordance with any loan modification documents thereafter.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's pre- and post-petition arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing in rem stay relief for Movant as to the Property.

6. In the event any of the payment listed under Section 3 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing in rem stay relief for Movant as to the Property.

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay and

waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing in rem stay relief for Movant as to the Property.

8.  If the case is dismissed, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant ongoing in rem stay relief for Movant as to the Property.

9.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, except for the provision contained in Paragraph 8, and is not binding upon the parties, except for the provision contained in Paragraph 8.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 11, 2020             By: /s/ Rebecca A. Solarz, Esquire
                                  Attorney for Movant

Date:_____      _____
                                  Erik B. Jensen, Esquire
                                  Attorney for Debtor

Date: July 14, 2020               /s/ Jack Miller, Esquire, for*        *We have no objection to
                                  William C. Miller, Esquire            its terms, without
                                  Attorney for Debtor                   prejudice to any of our
                                                                        rights and remedies

Approved by the Court this ___ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: July 16, 2020**              _____
                                     Bankruptcy Judge
                                     Ashely M. Chan